UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAY 26 2017

DOUGLAS F. YOUNG, Clerk
By _____
Deputy Clerk

TABITHA MAYBERRY,
an individual

    Plaintiff,

vs.

CASE NO: 17-5092 TLB

THE BASEMENT, LLC
    Defendant.
_____/

## COMPLAINT

Plaintiff, Tabitha Mayberry ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues THE BASEMENT, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Western District of Arkansas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Western District of Arkansas.

3. Plaintiff, Tabitha Mayberry (hereinafter referred to as "Jensen") is a resident of the State of Arkansas and is a qualified individual with a disability under the ADA. Mayberry has what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she sustained a spinal cord injury and requires a wheelchair for mobility. Prior to instituting the instant action,

Mayberry visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property due to its lack of compliance with the ADA and the architectural barriers to access listed in Paragraph 11 of this Complaint, which Plaintiff personally encountered. Mayberry continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, THE BASEMENT, LLC, is a domestic limited liability company and is conducting business in the State of Arkansas. Upon information and belief, THE BASEMENT, LLC (hereinafter referred to as "THE BASEMENT") is the owner, lessee and/or operator of the real property and improvements which are the subject of this action, specifically Hugo's Restaurant, located at 25 N Block Avenue, Fayetteville, Arkansas (hereinafter referred to as the "Restaurant").

5. All events giving rise to this lawsuit occurred in the Western District of Arkansas.

### COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12101(7) and 28 C.F.R. §36.104, the Restaurant owned and/or operated by THE BASEMENT is a place of public accommodation in that it is a Restaurant that is owned and operated by a private entity that provides goods and services to the public.

8. Defendant has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of

42 U.S.C §12181 *et seq.*

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurant owned and/or operated by THE BASEMENT. Prior to the filing of this lawsuit, Plaintiff visited the Restaurant at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, Plaintiff continues to desire and intends to visit the Restaurant, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Restaurant in violation of the ADA. Plaintiff has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA which are codified at 28 C.F.R. Part 36.

11. THE BASEMENT is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

    (i) The main entry from the street is not accessible due to 11 steps;

    (ii) There is an on-grade entry in the rear of the Restaurant that could be used as an accessible entrance;

    (iii) There is no accessible parking;

    (iv) There is no accessible seating;

    (v) The women's restroom lacks sufficient maneuvering space on either side of the entry door;

    (vi) There is no accessible signage on the women's restroom;

    (vii) There is no knee or toe clearance at the lavatory for a wheelchair user;

3

  (viii)  The toilet compartment lacks maneuvering space for a wheelchair user;

  (ix)  There are no grab bars in the toilet compartment;

  (x)  No standard wheelchair accessible toilet stall is provided in the Restaurant.

12. There may be other current barriers to access and violations of the ADA at the Restaurant owned and operated by THE BASEMENT which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendant was required to make its Restaurant, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Defendant has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against THE BASEMENT and requests the following injunctive and declaratory relief:

  A. That the Court declares that the property owned and administered by Defendant is violative of the ADA;

    B.      That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.      That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D.      That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.      That the Court awards such other and further relief as it deems necessary, just and proper.

Dated this 22nd day of May 2017.

                          Respectfully submitted,

                          By: _____
                              Edward I. Zwilling, Esq.
                              Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone:   (205) 822-2701
Facsimile:    (205) 822-2702
Email: ezwilling@szalaw.com